UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES<br><br>- v. -<br><br>KOSTAS FEKKAS,<br><br>Defendant. | 23 Mag. 6395<br><br>STIPULATION IN SUPPORT OF APPLICATION FOR 7TH OR SUBSEQUENT ORDER OF CONTINUANCE AND 20TH **ORDER OF CONTINUANCE** |

  The United States of America and the defendant jointly request and agree that the time period from **March 26, 2025**, to and through **April 23, 2025**, be excluded from the computation of the period within which an information or indictment must be filed, pursuant to 18 U.S.C. § 3161(b) and (h)(7). The parties submit that there is good cause for an additional exclusion of time because such an exclusion will potentially allow the parties to dispose of the case without the need for a trial. In particular, the defendant was arrested on or about September 14, 2023, charged in a complaint issued on or about September 14, 2023, with violating 18 U.S.C. §§ 2252A(a)(2)(B) and (b)(1), receipt of child pornography; 2252A(a)(5)(B) and (b)(2), possession of child pornography; and 1470, attempted transfer of obscene material, and detained since September 14, 2023. The defendant and the Government have been involved in disposition negotiations since the defendant was charged, and as part of those negotiations, defense counsel submitted a mitigation proposal to the Government on August 12, 2024. The Government completed review of the mitigation proposal and provided a response to defense counsel on February 5, 2025. On March 20, 2025, defense counsel notified the Government that the defendant was prepared to accept a plea offer and the parties had come to an agreement in principle. In light of this, the parties need more time beyond **March 26, 2025**, when the Speedy Trial Act currently requires the Government to indict the defendant, for the Government to draft a plea agreement, defense counsel to review the plea agreement with the defendant, and the parties to schedule a change-of-plea hearing. Accordingly, the interests of justice in allowing the Government time to draft a plea agreement, defense counsel time to review the plea agreement with the defendant, and the parties time to finalize a potential disposition without trial, outweigh the defendant's and the public's interest in a speedy trial.

  By the following signatures we agree and consent to the exclusion of time noted above:

| *Rachel Martin* | 03/21/2025 | *[signature]* | Mar. 20, 2025 |
|---|---|---|---|
| Defendant's Counsel<br>Rachel Martin, Esq. | Date | Assistant U.S. Attorney<br>Timothy Ly | Date |

  The defendant states that he has been fully advised by counsel of his rights guaranteed under (a) the Sixth Amendment to the Constitution; (b) the Speedy Trial

1

Act of 1974, as set forth in 18 U.S.C. §§ 3161–74; and (c) the plans and rules of this Court adopted pursuant to that Act. The defendant understands that he has a right to be charged by indictment or information, and to have a trial before a judge or jury, within a specified time (excluding certain time periods) under the Constitution and Rules and Laws of the United States identified above. The defendant consents and agrees to the above request. Defense counsel has discussed this stipulation with the defendant and has the defendant's authorization to sign on his behalf.

| /s/ Kostas Fekkas | 03/21/2025 |
|---|---|
| Defendant | Date |
| KOSTAS FEKKAS | |

The joint application of the United States of America and the defendant having been heard at a proceeding on the date below, the time period from **March 26, 2025,** to and through **April 23, 2025**, is hereby excluded in computing the time within which an indictment or information must be filed. The Court grants this continuance on the finding that the ends of justice outweigh the interests of the public and the defendant in a speedy trial, for the reasons set forth above. ~~The Court further orders:~~

Dated: March 26, 2025
       White Plains, New York

**SO ORDERED**

_____
United States Magistrate Judge

2